OPINION
On January 24, 1976, appellant, Dale Wayble, and appellee, Laura Wayble, were married. On September 20, 1995, a judgment entry was filed granting the parties a divorce, and awarding appellee a periodic award of spousal support in the amount of $250 per month and a lump sum award of spousal support in real property. The trial court concluded the lump sum award would equal $34,375, using a fair market value of $110,000 for the subject real estate. The trial court retained jurisdiction over the periodic spousal support award. Thereafter, on October 10, 1995, the trial court filed an entry amending the September 20, 1995 judgment entry, deleting the reference to the value of the real estate.
On June 7, 2001, appellant filed a motion to modify the award of spousal support, predicated on the value of the subject real estate. The property was appraised for $185,000, with a stipulated value of $240,000. By judgment entry filed October 10, 2001, the trial court denied the motion, finding the parties had stipulated at the time of the divorce that the real estate had a fair market value of $110,000, and concluding it had not retained jurisdiction over the lump sum award.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I "THE TRIAL COURT ERRED IN CONCLUDING IT DID NOT HAVE JURISDICTION TO REVIEW OR MODIFY LUMP SUM SPOUSAL SUPPORT AWARD."
 II "APPELLEE HAS NO RIGHT TO DEMAND TO PURCHASE MARITAL REAL ESTATE AT 1995 VALUE."
 I
Appellant claims the trial court erred in concluding it did not retain jurisdiction over the lump sum spousal support award. We disagree.
In its judgment entry filed October 10, 2001, the trial court specifically found it did not retain jurisdiction over the lump sum award of the September 20, 1995 judgment entry. Appellant argues the retention of jurisdiction is only necessary in an award of periodic payments of spousal support, citing R.C. 3105.18(E)(1) in support:
 "If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 "In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
We agree R.C. 3105.18(E)(1) speaks to the retention of jurisdiction for "periodic payments of money" for spousal support only. However, based upon the following specific reasons, we find the trial court's conclusion as it applies to the facts sub judice was not in error.
The September 20, 1995 judgment entry stated the following at Conclusions of Law Nos. 7 and 8:
 "The Court concludes as a matter of law, after considering the factors of Section 3105.18(C)(1), that spousal support is appropriate and reasonable in this case. The court determines that the duration of the spousal support should be for a period of 6 years of periodic payments and at the end of 6 years, a lump sum spousal support payment. The Court ORDERS the Defendant to pay to the Plaintiff the sum of $250.00 per month, plus poundage.
 "The Court concludes as a matter of law that the Plaintiff is entitled to an award of spousal support in real property as of June 30, 2001, of the net equity in the real estate of the parties after the deduction of $4,876 of the Defendant's `Separate Property' equity and after the deduction and reimbursement to the Plaintiff for the mortgage payments, which she will have paid. The net proceeds thereafter will be divided 5/8's to the Plaintiff and 3/8's to the Defendant. The Court concludes that this award of spousal support of the proceeds of the real property is necessary, taking into consideration the relative earning abilities of the parties, the retirement benefits of the parties, the duration of the marriage, time and expense necessary for the Plaintiff to acquire training or job experience so she will be qualified to obtain employment, and the loss of income production capacity to the Plaintiff which resulted from her marital responsibilities, and the economic and marital misconduct attributed to the Defendant expending $2,600 on a house in Powhatten Point and approximately $11,680 payments as the result of his extra-marital affair assets which the Court finds would have otherwise been available to this marriage."
By reading the judgment entry as a whole, we can easily glean that in granting a limit of six years for the periodic payments of spousal support and a lump sum payment at the termination of the six years, the trial court fashioned an award in consideration of the youngest child reaching the age of majority on April 16, 2001. See, Finding of Fact No. 2; Conclusion of Law No. 3. The subject real estate, the family farm/marital residence, with appellee assuming the mortgage payments, was to be available to appellee and the last child to reach the age of majority. See, Conclusion of Law No. 6(g). Although delayed in payment, this award was in fact a division of marital assets.
The award was "mislabeled" a lump sum spousal support award. The award was designed as a delayed division of marital assets. We concur the time has long past to appeal the issue.
Assignment of Error I is denied.
 II
Based upon our conclusion in Assignment of Error I, we find the trial court had no jurisdiction to address the division of marital assets. Also, the trial court has not yet been asked to interpret the September 20, 1995 judgment entry regarding the lump sum payment.
It is clear on the face of the 1995 judgment entry that the value circa 1995 was not to be used as demonstrated in the October 10, 1995 "Entry Rule 60(A)" wherein the trial court amended the last line of Conclusion of Law No. 6(g) to include the word "principal":
 "At the end of the 6 years (or on June 30, 2001), plaintiff will be given credit against the net proceeds of the sale, or towards the purchase price of the Defendant's interest in the property, in the amount of the principal mortgage payments made."
Conclusion of Law No. 9, which listed the fair market value of the subject property at $110,000, was deleted. The September 20, 1995 judgment entry as amended speaks only to the "fractional division" of the net equity of the property after deductions for separate property (for appellant) and credits for mortgage payments made (for appellee).
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Guernsey County, Ohio, is hereby affirmed.
FARMER, P.J., HOFFMAN, J., and BOGGINS, J. concur.